FILED by SA D.C.

Mar 25, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80074-CR-MARRA/MATTHEWMAN

18 U.S.C. § 1349

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**DORIS A. HELIIN,**
**JOE F. WHIDDON,**
**KEITH B. SCHILLING, and**
**JOSEPH R. HEINZ,**

**Defendants.**

_______________________________/

**INFORMATION**

The United States Attorney charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Information:

1. Defendants **DORIS A. HELIIN** and **JOE F. WHIDDON** owned and operated Smart Choice Vacations, Inc.( hereinafter "Smart Choice") and TMI Enterprises, Inc. (hereinafter "TMI"), Florida corporations which were purportedly in the business of providing timeshare sales services to timeshare owners located throughout the United States. Both businesses solicited customers through the use of high-pressure telephone sales. The salesmen, known as "telemarketers," worked

in telemarketing rooms, known as "boiler rooms," set up by defendants **HELIIN** and **WHIDDON**. Both the Smart Choice and TMI boiler rooms were located in Lake Worth, Florida.

2. Defendants **HELIIN** and **WHIDDON** arranged for defendant **KEITH B. SCHILLING** to recruit and manage a group of experienced telemarketers at Smart Choice and TMI. Defendants **HELIIN** and **WHIDDON** paid **SCHILLING** a percentage of all sales completed by the telemarketers he recruited and managed.

3. Defendant **JOSEPH R. HEINZ** was hired by defendant **SCHILLING** to work as a telemarketer at Smart Choice and TMI.

**COUNT 1**
**(Conspiracy to Commit Mail Fraud: 18 USC §1349)**

4. Paragraphs 1 through 3 of the General Allegations section are realleged and incorporated as though fully set forth herein.

5. From on or about May 17, 2010, and continuing through in or about March 2011, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DORIS A. HELIIN,**
**JOE F. WHIDDON,**
**KEITH B. SCHILLING, and**
**JOSEPH R. HEINZ,**

did knowing and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and knowingly causing to be delivered certain mail matter by the Postal Service and by private and

commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE CONSPIRACY

6. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by collecting hundreds of thousands of dollars in advance fees from timeshare owners throughout the United States, for purported timeshare sales services, which the defendants and their co-conspirators knew would never be provided.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

7. Defendants **HELIIN** and **WHIDDON** incorporated Smart Choice and leased an office in Lake Worth, Florida, where they could operate the business. Defendant **SCHILLING** agreed to locate telemarketers to staff the Smart Choice office.

8. Defendant **SCHILLING** recruited approximately nine experienced telemarketers, including defendant **HEINZ**, to work at the Smart Choice office. **SCHILLING** was responsible for overseeing the telemarketers' work and received a percentage of their sales.

9. The telemarketers cold called timeshare owners throughout the United States to induce them to pay up-front fees for purported timeshare sales services. During the sales calls, the telemarketers, including defendant **HEINZ,** routinely made false and fraudulent representations and promises to the timeshare owners, including falsely claiming that Smart Choice had buyers for their timeshare units and closings scheduled. The telemarketers, including defendant **HEINZ**, also represented that the advance fees, which ranged from $500 to $5,000, would be used to pay closing

and/or appraisal costs associated with the purported sale. In truth, the defendants had no buyers for the timeshare units, no closings scheduled, and no costs to pay.

10. The telemarketers instructed the timeshare owners to pay the advance fees by mailing cashiers checks made payable to Smart Choice to a post office box located in West Palm Beach, Florida. A co-conspirator retrieved the checks, which had been sent by the Postal Service and by private and commercial interstate carriers, from the post office box and gave them to defendant **HELIIN,** who deposited them into the Smart Choice bank account.

11. Defendants **HELIIN** and **WHIDDON** did not use the advance fees to pay closing or appraisal fees, as represented to the timeshare owners. Instead, they used the fees to pay the boiler room expenses and to benefit themselves and their co-conspirators. Defendants **HELIIN** and **WHIDDON** each received approximately 10% of the profits, **SCHILLING** received approximately 15% of his telemarketers' sales, and **HEINZ** received approximately 35% of his sales.

12. Although the defendants did not have any actual buyers, they frequently used fictitious buyer names when speaking to the timeshare owners. During some sales calls, a telemarketer would pass the phone to another telemarketer who would pose as a buyer interested in purchasing the timeshare unit.

13. In an attempt to conceal the fact that the telemarketers had made numerous false and fraudulent representations to the timeshare owners, the defendants would send the timeshare owners, via United Parcel Service, false and fraudulent sales documents, which were purportedly completed and signed by a buyer. In truth, the defendants and their co-conspirators had created the fraudulent sales documents using fictitious names and signatures.

14. After operating Smart Choice for approximately six months, defendants **HELIIN** and

**WHIDDON** changed the name of the business to TMI and relocated the boiler room to defendant **WHIDDON's** residence, in Lake Worth, Florida. The boiler room continued to operate in the same manner, however, using many of the same telemarketers, the same fraudulent sales pitches, and the same fraudulent sales documents. Defendants **HELIIN** and **WHIDDON** opened several bank accounts and a new post office box for TMI. **WHIDDON** would typically retrieve the timeshare owners' checks from the TMI post office box, and either **HELIIN** or **WHIDDON** would deposit the checks into one of the TMI bank accounts.

15. During the course of the scheme, which spanned from on or about May 17, 2010, to in or about March 2011, the defendants, through Smart Choice and TMI, collected a total of approximately $441,391 from approximately 190 timeshare owners for timeshare sales services which they knew would never be provided and were, in fact, not provided.

All in violation of Title 18, United States Code, Section 1349.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

ADRIENNE RABINOWITZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA** **CASE NO.** ______________________

**vs.**

**DORIS A. HELIIN,**
**JOE F. WHIDDON,**
**KEITH B. SCHILLING, and**
**JOSEPH R. HEINZ,**

**Defendant.**
______________________________/

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami ___ Key West
___ FTL X___ WPB ___ FTP

New Defendant(s) Yes ____ No ___
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) No___
List language and/or dialect ______________

4. This case will take 5___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

(Check only one) (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | |
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | X |
| V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) No___
If yes:
Judge: ______________ Case No. ______________
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) No___
If yes:
Magistrate Case No. ______________
Related Miscellaneous numbers: ______________
Defendant(s) in federal custody as of ______________
Defendant(s) in state custody as of ______________
Rule 20 from the ______________ District of ______________

Is this a potential death penalty case? (Yes or No) No___

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes X____ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes X____ No

[signature]
ADRIENNE RABINOWITZ
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 833754

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NUMBER:** ____________________

**BOND RECOMMENDATION**

DEFENDANT: DORIS A. HELIIN

$75,000.00 Personal Surety Bond
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: ____________________
AUSA: ADRIENNE RABINOWITZ

Last Known Address: ____________________

____________________

____________________

What Facility: ____________________

____________________

Agent(s): S/A PAUL WACKES
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
FBI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER:** ____________________

**BOND RECOMMENDATION**

DEFENDANT: JOE F. WHIDDON

$75,000.00 Personal Surety Bond
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: ____________________
AUSA: ADRIENNE RABINOWITZ

Last Known Address: ____________________

____________________

____________________

What Facility: ____________________

____________________

Agent(s): S/A PAUL WACKES
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
FBI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER:** ____________________

**BOND RECOMMENDATION**

DEFENDANT: KEITH B. SCHILLING

$75,000.00 Personal Surety Bond
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: [signature]
AUSA: ADRIENNE RABINOWITZ

Last Known Address: ____________________

____________________

____________________

What Facility: ____________________

____________________

Agent(s): S/A PAUL WACKES
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
FBI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER:** ______________________

**BOND RECOMMENDATION**

DEFENDANT: JOSEPH R. HEINZ

$75,000.00 Personal Surety Bond
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: [signature]
AUSA: ADRIENNE RABINOWITZ

Last Known Address: ______________________

______________________

______________________

What Facility: ______________________

______________________

Agent(s): S/A PAUL WACKES
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
FBI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** DORIS A. HELIIN

**Case No:** ____________________

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C § 1349

* **Max.Penalty**: 20 years' imprisonment, $250,000 fine or twice the gross gain or loss resulting from the offense, 3 years' supervised release, and restitution

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** JOE F. WHIDDON

**Case No:** ______________________

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C § 1349

* **Max.Penalty**: 20 years' imprisonment, $250,000 fine or twice the gross gain or loss resulting from the offense, 3 years' supervised release, and restitution

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** KEITH B. SCHILLING

**Case No:** ______________________

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C § 1349

* **Max.Penalty**: 20 years' imprisonment, $250,000 fine or twice the gross gain or loss resulting from the offense, 3 years' supervised release, and restitution

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** JOSEPH R. HEINZ

**Case No:** ____________________

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C § 1349

* **Max.Penalty**: 20 years' imprisonment, $250,000 fine or twice the gross gain or loss resulting from the offense, 3 years' supervised release, and restitution