UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO.:  13-80074-CR-MARRA

    Plaintiff

vs.

DORIS A. HELIIN,

    Defendant
_____/

**DEFENDANT DORIS A. HELIIN'S SENTENCING MEMORANDUM
AND REQUEST FOR VARIANCE OR DOWNWARD DEPARTURE
FROM ADVISORY SENTENCING GUIDELINES**

The Defendant, DORIS A. HELIIN, by and through her undersigned counsel, hereby files her Sentencing Memorandum and Request for Variance or Downward Department from Advisory Sentencing Guidelines and would show as follows:

1. On June 17, 2013, the Defendant entered a plea of Guilty to a one-Count Information charging her with conspiracy to commit mail fraud in violation of 18 U.S.C. §1349.

2. The Defendant has been given safety valve consideration pursuant to an agreement by both parties as a result of her cooperative efforts.

3. While the Defendant understands she may receive a sentence of incarceration, she is respectfully requesting that this Court "vary" from the applicable guideline range by imposing a fair and sufficient sentence given all the facts and circumstances.

The Defendant respectfully files her Sentencing Memorandum in this case and requests that this Honorable Court grant a variance or downward departure from the applicable advisory Sentencing Guidelines, based upon the following:

## **PRESENTENCE INVESTIGATION REPORT**

The Defendant states that the correct total offense level under the advisory Sentencing Guidelines is Level 30, Category I (97 to 121 months).  However, the Defendant submits that this guideline sentence would amount to an unreasonably harsh sentence under our laws.  The Defendant, therefore, moves for a downward variance or departure from this advisory guideline.

## **POST-BOOKER SENTENCING PRINCIPLES**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holdings in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applied to the Federal Sentencing Guidelines. United States v. Booker, 125 S.Ct. 738, 756 (2005).  The Court further held that the provisions of the Federal Sentencing Reform Act of 1984 that make the Guidelines mandatory or which rely upon the Guidelines' mandatory nature, were incompatible with its Sixth Amendment holding.  Booker, 125 S.Ct. at 756.  As a result, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory."  Id. at 757.

Largely as a result of the Supreme Court's more recent sentencing pronouncements in Gall v. United States, 128 S.Ct. 586 (2007), and Kimbrough v. United States, 128 S.Ct. 558 (2007), the sentencing options available to district court judges have significantly broadened.  Gall, 128 S.Ct. at 602.  District courts are now free from any requirement that they mechanically adhere to the tight strictures of the guidelines, nor are courts required to even presume that the guidelines provide an appropriate sentence in a given case.  In fact, the United States Supreme Court recently reversed and remanded United States v. Vazquez, 558 F.3d 1224 (11th Cir. 2009), providing additional support for the proposition that District Court judges may base a downward variance in a defendant's sentence on its disagreement with the guidelines. Vazquez v. United States, 2010 WL 154871 (Jan. 19, 2010).

2

Recognizing that the guidelines are simply the "starting point" in a sentencing analysis, Gall, 128 S.Ct. at 596, district courts must delve deeper, and make an "individualized assessment based on the facts presented." Gall, 128 S.Ct. at 597. In making an individualized assessment, the district court is required to consider all of the factors outlined in 18 U.S.C. §3553(a), and is permitted to tailor the sentence in light of other statutory concerns. Kimbrough, 128 S.Ct. at 570. A district court may reasonably "determine... that... a within-guidelines sentence [does not] serve the objectives of sentencing," even if that determination ultimately rests on a disagreement with the guidelines. United States v. Klups, 514 F.3d 532, 538 n.3 (6th Cir. 2008) (quoting Kimbrough, 128 S.Ct. at 564).

In the final analysis, the goal of performing an individualized sentencing assessment is to arrive at a just sentence, one "sufficient, but not greater than necessary," 18 U.S.C. §3553(a), to serve the purposes of sentencing set forth in §3553(a)(2). The sentencing court is "free to conclude that the applicable guidelines range gives too much or too little weight to one or more factors, either as applied in a particular case or as a "matter of policy." United States v. Campos-Maldanado, 531 F.3d 337, 339 (5th Cir. 2008).

A district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall, 128 S.Ct. at 594, but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S.Ct. 2456, 2465 (2007), or place "any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). The court is free to consider whether the guideline sentence itself "fails properly to reflect §3553(a) considerations in the case at hand", Rita, 127 S.Ct. at 2465, and/or whether the guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role." Kimbrough, 128 S.Ct. at 575.

The sentencing of DORIS A. HELIIN demands the careful exercise of the reasonableness and flexibility granted to the district courts by <u>Booker</u> and its progeny, <u>Rita</u>, <u>Kimbrough</u>, and <u>Gall</u>.

### **APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE**

The primary directive in §3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph 2." § 3553(a)(2) states that such purposes are:

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of the defendant; and

(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence pursuant to this parsimony requirement, §3553(a) further directs sentencing courts to consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The §3553(a)(2) goals of sentencing;

(3) The kinds of sentences available;

(4) The sentencing range derived from the guidelines and

(5) Any pertinent policy statement;

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense.

18 U.S.C.§3553(a)(1)-(7).

### **APPLICATION OF THE LAW TO DORIS A. HELIIN'S SENTENCING**

### A.  Nature and Circumstances of the Offense:

In applying the above law to DORIS A. HELIIN'S sentencing, it is clear that a sentence of 97 to 121 months imprisonment is excessive and unreasonable.  This case involves a timeshare fraud scheme.  The Defendant was introduced into the scheme by her daughter, Ashley Heliin.  Due to her experience in office and clerical work, she was given the job of office manager.  One of her responsibilities was being a signatory on the checking accounts for the various companies.  This was partially due to her work experience; however, it was also due to the fact that the other co-Defendants in this case did not trust one another.  Once it became clear to Ms. Heliin that the timeshare business was illegal, she eventually cooperated with law enforcement prior to her arrest and that of her co-Defendants.  Ms. Heliin understands she made a very serious mistake in judgment and violated the law.

### B.  History and Characteristics of Doris A. Heliin:

This is the broadest of the sentencing factors, and it dovetails with 18 U.S.C. §3553(a)(1), which provides that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (emphasis added).

The 18 U.S.C. §3553(a) requirement that the Court consider the history and characteristics of the defendant is a directive that the Court weigh the immediate misconduct in the context of the overall life of the defendant.  In Ms. Heliin's case, the overall good life she has led weighs heavily in favor of a dramatic mitigation of any lengthy sentence of incarceration envisioned by the guidelines.  Ms. Heliin was born in Virginia and moved to Palm Beach County when she was 7 years old.  She attended, but did not graduate from Palm Beach Lakes High School.  She has been married to Dennis Heliin for 30 years.  She worked at FEC News, a magazine distributorship, for 21 years

5

before it went out of business in 2007. She has no prior criminal history. She is the mother of 3 and a grandmother of 3 children. She is a good person who made a bad mistake and is respectfully requesting compassion from this Court.

### C. The Need for the Sentence Imposed to Promote the §3553(a)(2) Goals of Sentencing:

An important statutory sentencing objective relates to correction and rehabilitation. Based on the defendant's lack of any history of violence or danger to others and his uneventful pretrial release period, Ms. Heliin would submit that she does not pose a danger to society, and that a lengthy imprisonment will not serve the interest of either protection of the public, specific deterrence, or rehabilitation. See United States v. Clay, 483 F.3d 739, 745 (11th Cir. 2007) (recognizing the focus on risk of recidivism and the "characteristics of the defendant" in the judicial gauging of "objective risk management" concerns).

### ADDITIONAL VARIANCE OR DOWNWARD DEPARTURE GROUNDS

The following additional variance or downward departure grounds are applicable to Ms. Heliin and call for a sentence much lower than 97 to 121 months:

1. A sentence of 97 to 121 months will impair Ms. Heliin's rehabilitation. Such a lengthy sentence under the facts of this case would have a counter-effective result upon her rehabilitation. Gall v. United States, 128 S.Ct. 586, 593 (2007); United States v. Halsema, 180 Fed. Appx. 103 (11th Cir. 2006) (24-month sentence upheld in child pornography case having a guideline range of 57-71 months, where such a lengthy sentence would impair rehabilitation). Such a lengthy sentence will make her less employable upon her release from prison as it will cause her to be out of the civilian work force for an extended period of time.

2. Prison has greater significance for those imprisoned for the first time. United States v.

6

Jewell, 2009 WL 1010877 (E.D. Ark. 2009) (defendant was sentenced to 30 months in prison for aiding and abetting tax evasion, because sentence at the statutory maximum of 60 months was inappropriate for first time offender); United States v. Quails, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) (generally, a lesser prison sentence is sufficient to deter one who has not been subject to prior lengthy incarceration). A lower rate of recidivism for older inmates is well established and supports leniency because it allows the sentencing purposes of deterrence and protection of the public to be satisfied by a lesser term.  By the time a person turns 50, his or her likelihood of committing another crime has already dropped precipitously…this holds true regardless of the crime for which the prison was originally convicted and sent to prison.  U.S. Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines 12 (May 2004); 18 U.S.C. §3553 (a)(2)(C). DORIS A. HELIIN is being imprisoned for the first time in this case.  She is not a recidivist and the impact of a prison sentence upon her will be substantial and far greater than the effect upon a repeat offender.

      3.  Defendant's age.  Section 5H1.1 of the United States Sentencing Guidelines states that age may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish a case from the typical cases covered by the guidelines.  Only 10.8 percent of all Federal inmates are over the age of 50.  The Fifth Circuit has held that a defendant's age at 51 "can and should be considered" in sentencing.  United States v. Simmons, 568 F. 3d 564 (5th Cir. 2007).  Older inmates, especially first-time offenders over the age of 50, are easy prey for more experienced inmates.

      4.  Cost to taxpayers of lengthy incarceration. United States v. Chavez, 230 F.3d 1089 (8th

Cir. 2000) (Bright, J., concurring) (guidelines range for nonviolent offenders drains billions from taxpayers and keeps potentially productive members of society locked up, causing staggering "opportunity costs"). Additionally, older inmates generally require more medical treatment, including medications, on a regular basis. The extensive cost of a 97 to 121 month incarceration is unnecessary in this case. The same rehabilitation and deterrent effect can be achieved by a much lower sentence.

5. <u>Basic justice and fairness and the totality of the circumstances.</u> In this case, based upon the totality of the circumstances, a 97 to 121 month sentence is neither just nor fair. This Court has the power to do what is fair and just under all the circumstances of this case. <u>United States v. Jones</u>, 460 F.3d 191 (2d Cir. 2006) (Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not precluded from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances). The Defendant submits that a sentence of much less imprisonment is appropriate in this case.

## **CONCLUSION**

For all of the above-stated reasons, a sentence substantially below the guidelines range (97 to 121 months) is reasonable. The Defendant respectfully submits that a sentence substantially less onerous than the recommended sentence outlined in the final PSI report, together with other sanctions and payment of a special assessment is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

**WHEREFORE,** the Defendant, DORIS A. HELIIN, respectfully files this pleading and respectfully requests that this Court grant the Defendant's request for a variance or downward departure from the advisory Sentencing Guidelines.

Respectfully submitted on this 9th day of December, 2013.

8

Respectfully submitted,

THOMAS R. GARLAND, P.A.
1914 S.E. Port St. Lucie Boulevard
Port St. Lucie, FL 34952
(772) 337-1122; fax: (772) 337-1595
Email: tgarlandlaw@aol.com

By: */s/ Thomas R. Garland*
    Thomas R. Garland, Esquire
    Atty. for Defendant, DORIS A. HELIIN
    Florida Bar No. 0849502

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of December, 2013, I electronically filed the foregoing document with the Clerk of Court and forwarded a copy of the foregoing document to all counsel of record using CM/ECF.

THOMAS R. GARLAND, P.A.
1914 S.E. Port St. Lucie Boulevard
Port St. Lucie, FL 34952
(772) 337-1122
fax: (772) 337-1595
Email: tgarlandlaw@aol.com

By: */s/ Thomas R. Garland*
    Thomas R. Garland, Esquire
    Atty. for Defendant, DORIS A. HELIIN
    Florida Bar No. 0849502

9